UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                           :

GS HOLISTIC, LLC,                         :

                       Plaintiff,     :                 25 Civ. 3899 (PAE)

                                           :                      ORDER

                    -v-                      :

NYC SMOKE SHOP & GROCERY CORP. d/b/a   :
INTERNATIONAL SMOKE SHOP and ABDO M.   :
SALEH,                                      :

                         :
                            Defendants.     X
------------------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

       On May 9, 2025, plaintiff filed the complaint in this case, which alleges trademark

infringement by defendants, NYC Smoke Shop & Grocery Corp. ("NYC Smoke Shop") and

Abdo M. Saleh ("Saleh"). Dkt. 1. On June 3, plaintiff filed two certificates of service, affirming

that the summons and complaint had been served on NYC Smoke Shop and Saleh on May 19

and May 23, respectively. Dkts. 9–10. As such, defendants' deadlines to answer or otherwise

respond to the complaint were June 9 and June 13, respectively. *See* Fed. R. Civ. P. 12(a).

       On June 10, 2025, non-party Christopher Burrus filed a power of attorney stating he had

been appointed Saleh's agent, filed an answer to the complaint, and filed a *pro se* notice of

appearance. Dkts. 11–13. On July 10, the Court noted that "defendants, as opposed to interested

non-party Christopher Burrus, *see* Dkt. 11, have failed to answer or otherwise respond to the

complaint," Dkt. 19, and adjourned *sine dine* the initial pre-trial conference. Plaintiff obtained a

Clerk's Certificate of Default as to NYC Smoke Shop and Saleh on September 9 and September

11, respectively. Dkt. 26; 30. On September 11, this Court granted plaintiff's request for an

extension until September 25, 2025, to file a motion for default judgment. Dkt. 31. On

September 22, Burrus spoke with members of the Office of the Clerk of Court and stated that he believed he had answered on behalf of defendants and that entry of the Clerk's Certificates of Default was in error.

Burrus's attempt to represent defendants was improper. "[A] layperson may not represent a separate legal entity such as a corporation." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). NYC Smoke Shop, as a corporation, cannot continue to defend this lawsuit unless it finds counsel. And, as a non-lawyer, Burrus may not represent Saleh. Saleh is at liberty to retain counsel or to represent himself. The Court, accordingly, will give NYC Smoke Shop three weeks, until October 14, 2025, to retain an attorney and for that attorney to formally appear on its behalf. In the event that NYC Smoke Shop remains unrepresented after October 14, 2025, the Court will be compelled to entertain a motion by plaintiff's counsel for entry of a default judgment as to it. Saleh, in turn, must either retain an attorney to represent himself or file a notice of appearance on his own behalf by that date.[1] Plaintiff's deadline to file a motion for default judgment is hereby extended to October 28, 2025.

Plaintiff is directed to serve a copy of this Order on defendants forthwith. Upon completion of service, Plaintiff shall forthwith file a sworn declaration or affidavit on ECF attesting that service was made and specifying the dates and means of such service.

SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Dated: September 23, 2025
      New York, New York

---

[1] The Notice of Pro Se Appearance is available on the Court's website at https://nysd.uscourts.gov/node/826.